UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
El PASO DIVISION

| | |
|---|---|
| AMANDA M. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STRATEGIC EDUCATION LOAN FUND, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO.3:22-cv-00037<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes AMANDA M. GONZALEZ, ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of STRATEGIC EDUCATION LOAN FUND, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of age residing within the Western District of Texas.

5. Defendant is third-party debt collection company organized under the laws of the state of Delaware with its principal office located at 6610 Lavandula Court, San Diego, California 92130. Defendant regularly collects or attempts to collect upon consumers located within the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party contractors, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a student loan obligation ("subject debt") Plaintiff allegedly owed to Milan Institute of Cosmetology in El Paso, Texas.

8. Several months ago, Plaintiff began receiving calls to her cellular telephone number, (915) XXX-4473, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone number ending in -4473. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

10. Defendant placed calls to Plaintiff's cellular phone using (833) 977-3530 but upon information and believe, Defendant did utilize other phone numbers when placing calls to Plaintiff's cellular phone.

11. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

12. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13. After speaking to Defendant, on or around August 10, 2021, Plaintiff sent a letter to Defendant asking to provide her with information relating to the debt she allegedly owed. Specifically, Plaintiff asked to be provided with the name and address of the creditor to whom the subject debt is owed to, verification of the debt, and document showing Plaintiff's obligation to pay the subject debt.

14. Within this letter, Plaintiff also requested that Defendant cease placing calls to her cellular phone.

15. On or around August 20, 2021, Plaintiff received a response from Defendant which only contained the name of the entity the subject debt is allegedly owed to and the amount owed.

16. However, none of the other information Plaintiff requested in her August 10, 2021 letter was provided to her.

17. Furthermore, Defendant ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

18. Plaintiff has received numerous phone calls from Defendant since sending Defendant a written request to cease calling her cellular phone.

19. Moreover, on multiple instances, Defendant has failed to identify itself as a debt collector when attempting to collect from Plaintiff.

20. Frustrated over Defendant's conduct, Plaintiff spoke with her attorney regarding her rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Additionally, §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

5

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling her, Defendant place numerous calls to Plaintiff's cellular phone without her consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call her when it no longer had consent to do so.

34. Defendant further violated 15 U.S.C. §1692 e and e(10) when it failed to properly respond to Plaintiff's debt validation letter. In the letter Plaintiff sent to Defendant on August 10, 2021, Plaintiff requested information regarding the name and address of the creditor to whom the subject debt is owed to, verification of the debt and documents showing Plaintiff's obligation to pay the subject debt. However, in response to Plaintiff's letter Defendant only supplied Plaintiff information relating to the name of the creditor and the amount it was attempting to collect but it disregarded the reminder of Plaintiff's request and continued seeking collection of the subject debt. Defendant's conduct was deceptive and misleading as Defendant's response to Plaintiff's letter misled her to believe that she has no right to request information showing her obligation to pay the subject debt. Plaintiff was also misled to believe that she had to pay a debt that she was not sure she had an obligation to pay.

35. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from vindicating her right.

    c. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Lastly, Defendant violated 15 U.S.C. §1692f when it misled Plaintiff to believe that she had no right to information showing her obligation to pay the debt Defendant was seeking collection on. It was unfair for Defendant to not properly respond to the letter Plaintiff sent to Defendant on August 10, 2021 requesting information specifically regarding her debt and the proof Defendant in its possession to show that she is obligated to pay the subject debt. Through Defendant's conduct, it unfairly implied to that Plaintiff was obligated to pay a debt that she was uncertain she owed.

39. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, AMANDA M. GONZALEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

43. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), prohibits a debt collector from, using profane or obscene language or language intended to abuse unreasonably the hearer or reader." § 392.302(4), further states that "a debt collector may not oppress, harass, or abuse a

person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." .

45. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

    b. **Violations of TDCA § 392.304**

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

48. Additionally, Defendant violated the TDCA when it misleadingly represented to Plaintiff that she had no right to information showing her obligation to pay the debt Defendant was seeking collection on.

WHEREFORE, Plaintiff, AMANDA M. GONZALEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 28, 2022

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com